**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**DEITRE WILKINS**                                                       **PLAINTIFF**

**V.**                      **4:06-CV-01613 GTE**

**SCHOLASTIC DISTRIBUTION SERVICES, INC.**                    **DEFENDANT**

**ORDER DENYING MOTION TO COMPEL**

Before the Court is a Motion to Compel filed by Plaintiff Deitre Wilkins, to which Defendant Scholastic Distribution Services, Inc. ("SDS") has responded. For the reasons stated herein, the Court concludes that the motion should be denied.

**BACKGROUND**

This case involves allegations of discrimination made by Plaintiff, who contends she was fired when she left work to attend to her sick child with the knowledge and permission of her supervisor. Defendant contends that Plaintiff walked off the job without permission from or notice to her supervisor and was fired for job abandonment.

Plaintiff filed her Motion to Compel on May 16, 2007. The motion concerns two sets of written discovery, the first served on April 9, 2007, and the second served on April 23, 2007. On April 12, 2007, the Court extended the discovery deadline in this case until May 25, 2007. The Defendant objected to any extension of the discovery deadline.

Defendant filed a Motion for Summary Judgment on May 16, 2007. Plaintiff requested and was granted an extension of time until June 12, 2007, to respond to said motion.

On May 24, 2007, the parties filed a Joint Motion for Protective Order. The Court granted the motion, signing the Agreed Protective Order on May 29, 2007.

**DISCUSSION**

Defendant argues that Plaintiff's motion was filed prematurely with respect to Plaintiff's second set of written discovery, since discovery responses were not due until May 29, 2007. Defendant further states that the motion is premature as well with regard to Plaintiff's first set of discovery because the parties only recently negotiated the terms of an Agreed Protective Order necessary to protect certain information sought by Plaintiff. Defendant states that now that a protective order is in place, it will produce much of the information requested. Thus, many of the discovery issues presented by Plaintiff's motion appear moot.

On the papers, however, it appears that a dispute remains, as to the proper scope of the information requested. Defendant argues that Plaintiff's requests are overly broad with regard to seeking information regarding similarly situated employees. Specifically, Defendant claims Plaintiff should be limited to discovering those employees who SDS terminated for job abandonment. Plaintiff seeks broader information and has requested that SDS identify all employees "counseled or disciplined for no call, no show, unexcused absences or tardies, excused absences or tardies, attendance, leaving the job site without permission, refusal to work, timecard fraud, or sleeping on the job at Plaintiff's worksite" for the three years preceding the filing of this lawsuit. (Plaintiff's First Set of Interrogatories, No. 12).

The Court recognizes that it may be called upon to determine whether any alleged comparators are similarly situated. However, this is discovery, not trial. The Court must balance the needs of the Plaintiff to obtain evidence necessary to prove her allegations, evidence to which she is largely dependent upon Defendant for access, and the need to protect the Defendant from harassment or unduly burdensome discovery. The Court concludes that some narrowing is warranted, although not to the extent sought by Defendant. The Defendant SDS points out that

Plaintiff's attendance was good and that she did not have a problem with tardiness or unexcused absences. The Court can see the potential for a parallel between unexcused absences and job abandonment, but less of a connection between tardiness and job abandonment. The discovery requests are hereby narrowed, but only to the extent that SDS need not answer Interrogatory 12 (or similar discovery requests) with regard to unexcused tardies.

The Court declines to make any other discovery rulings at this point. The Court finds that the better course is to *sua sponte* extend the discovery deadline for the specific purpose of allowing the parties to confer to determine which discovery issues, if any, actually remain. The parties are directed to confer in good-faith in an effort to resolve any remaining disputed discovery issues. If the parties after such effort are unable to reach agreement, then either party may seek court intervention by appropriate motion. In the event a motion is filed, the losing party shall pay the attorney's fees of the prevailing party.

## CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Compel (Docket No. 23) be, and it is hereby, DENIED without prejudice. It is further ordered that the discovery deadline in this matter be, and it is hereby, extended through and including **June 8, 2007.**

IT IS SO ORDERED this __30th__ day of May, 2007.

_/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE